UNITED STATES of America, Plaintiff,

v.

Wilma D. GREENE, Defendant
(Two cases).

Nos. CR–2–82–4, CR–2–82–5.

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 2, 1982.

Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn., for plaintiff.

W. Robert Manuel, Erwin, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The Court has for pretrial determination, Rule 12(e), Federal Rules of Criminal Procedure, the motion of the defendant Ms. Wilma D. Greene to suppress evidence of her confession herein to special agents of the Federal Bureau of Investigation (FBI) during their investigation of these matters, Rules 12(b)(3), 41(f), Federal Rules of Criminal Procedure. An evidentiary hearing thereon was conducted by the Court on April 1, 1982. Rule 104(a), Federal Rules of Evidence.

Mr. Robert Lee Morrison was conducting one investigation of Ms. Greene, in which she was the targeted-suspect, simultaneously with the conduct of another investigation of her by Mr. Lanny D. Smith, in which Ms. Greene had not been targeted as a suspect. Both investigators were special agents of the FBI.

They arranged with Ms. Greene's employer to interview her on September 1, 1981 in a conference-room at the place of business of her employer. The agents asked Ms. Greene then and there, for, and received from her, facsimiles of her fingerprints and handwriting-exemplars; they advised the defendant " * * * we will be back * * * " if expert-opinions were obtained that pertinent questioned-documents bore her fingerprints or handwriting.

These same 2 investigators received such positive opinions in the interim and called upon Ms. Greene again on November 13, 1981. They knocked on the door of her apartment in the mid-afternoon of that date after several earlier attempts to find her at-home. Ms. Greene admitted them without hesitation.

When these agents entered such apartment, 2 or 3 smaller children and Ms. Greene were present therein.

They inferred from her actions that she was not completely certain of their respective identities, and each agent demonstrated to Ms. Greene their respective credentials. Ms. Greene appeared thereafter to recall each of the agents.

Mr. Morrison advised Ms. Greene that she was not required to make any statement to the agents; that she could answer none of their questions, all of their questions, or a part of their questions, if she wished; that they had received the results of the expert examinations of the questioned documents involved and " * * * just wanted to confront her with * * * " those results. In answer to her specific inquiry, the agents advised Ms. Greene she was not in arrest and explained to her "painstakingly" the procedural steps in prospect.

Both of these agents were seated farther from the exit-door of the (comparatively small) apartment than was Ms. Greene; they placed no physical restraints upon her; they gave her no indication that she was not free to leave at any time they were present or that she was being subjected to any compulsion. She was given no warning of her guaranteed constitutional rights, except that she was not under any compulsion to answer their question(s) involuntarily.

Ms. Greene, after being confronted by the agents with the aforementioned opinion-evidence, maintained her innocence of any crimes. Thereafter, she began to cry. Still later she confessed her complicity in the crimes charged herein. She was not arrested herein for a considerable period of time afterward.

It is stipulated that Ms. Greene was not subjected on these occasions to interrogation while she was "in custody" of a law-enforcement officer, and that she was not given the warnings mandated by *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The Court FINDS the FBI-agents placed no restrictions whatever on Ms. Greene's movements in either such interview, and that the overall atmosphere of the questioning in her own apartment was " * * * one of cooperation and not one of compulsion * * * "; thus, that there was in fact no custodial interrogation or restriction of Ms. Greene's freedom.

" * * * Any interrogation of one suspected of a crime by a police officer [or agent of the FBI] will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which ultimately may cause the suspect to be charged with a crime. But police officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the * * * questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction of a person's freedom as to render him [or her] 'in custody.' * * *" *Oregon v. Mathiason* (1977), 429 U.S. 492, 495, 97 S.Ct. 711, 713, 50 L.Ed.2d 714, 719[3].

The defendant's motion to suppress evidence of her confessions herein, accordingly, hereby is

OVERRULED.